Peter A. Romero, Esq.
LAW OFFICE OF PETER A. ROMERO PLLC
825 Veterans Highway, Suite B
Hauppauge, New York 11788
(631) 257-5588
Promero@RomeroLawNY.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
VICTOR RIVERA on behalf of himself and
all other persons similarly situated,

                Plaintiff,

    -against-

REFINEMENTS, LTD and ANTHONY B. RECTOR,

               Defendant.
-------------------------------------------------------------------X

**COMPLAINT**

       Plaintiff, VICTOR RIVERA ("Plaintiff"), on behalf of himself and all other persons similarly situated, by and through his counsel, the Law Office of Peter A. Romero PLLC, complaining of the Defendants, REFINEMENTS, LTD and ANTHONY B. RECTOR (collectively "Defendants") alleges as follows:

### NATURE OF THE ACTION

    1.    Defendant, failed to pay Plaintiff and other similarly situated employees premium overtime wages for hours worked in excess of forty hours per week in violation of both the Fair Labor Standards Act, 29 U.S.C. §201 et seq., ("FLSA"), and the New York Labor Law Articles 6 and 19, §650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("NYLL").

1

2. Plaintiff brings this action against Defendants to recover unpaid wages on behalf of himself and all individuals similarly situated under the Fair Labor Standards Act, 29 U.S.C. §201 et seq., ("FLSA"), under the New York Labor Law Articles 6 and 19, §650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("New York Labor Law").

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4. In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. §216(b).

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391

## THE PARTIES

6. The Plaintiff, VICTOR RIVERA ("RIVERA" or "Plaintiff"), is a resident of the County of Nassau, State of New York.

7. At all times relevant to the complaint, Plaintiff was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. §203(e), and New York State Labor Law §190(2).

8. Plaintiff was employed by the Defendants as a manual laborer from in or about 2002 until in or about May 2017.

9. Defendant, REFINEMENTS, LTD, was and still is a domestic business corporation organized and existing pursuant to the laws of the State of New York.

10. At all times relevant, Defendant, REFINEMENTS, LTD, was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d), and New York State Labor Law §190(3).

11. At all relevant times, Defendant, REFINEMENTS, LTD, was subject to the requirements of the FLSA because it had annual gross revenue of at least $500,000, was engaged in interstate commerce and had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce. Defendant's employees were engaged in construction and used goods, equipment and other materials, such as building materials, tools and equipment, much of which originated in states other than New York.

12. At all times relevant, Defendant, ANTHONY B. RECTOR ("RECTOR"), owned and/or operated REFINEMENTS, had authority to make payroll and personnel decisions for REFINEMENTS, and was active in the day to day management of REFINEMENTS, including the payment of wages to the Plaintiff and determining what wages were paid to Plaintiff.

13. RECTOR is liable to Plaintiff as an "employer" within the meaning of federal and state law for the unpaid wages Plaintiff seeks to recover.

## FACTS

14. Defendants are engaged in the construction business.

15. Plaintiff worked as a laborer for Defendants from in or about 2002 until on or about May 2017.

16. Plaintiff regularly worked in excess of 40 hours per week. Plaintiff began work each morning at approximately 5:00 a.m. The time that Plaintiff finished work each day varied from day to day. Plaintiff regularly worked until 6:30 or 7:00 p.m.

17. Defendants did not pay Plaintiff overtime compensation at the rate of one and one-half times his regular rate of pay for hours worked after 40 hours per workweek.

18. Defendants willfully disregarded and purposefully evaded record keeping requirements of the FLSA and the NYLL by failing to maintain accurate records of the hours worked by and wages paid to Plaintiff.

19. Defendants failed to provide Plaintiff with a notice and acknowledgement of his wage rate upon Plaintiff's hire as required by Labor Law §195.

20. Defendants failed to provide Plaintiff with an accurate wage statement each pay period as required by Labor Law §195.

21. Defendants failed to post required notices regarding payment of minimum wages and overtime as required by the FLSA and NYLL.

## COLLECTIVE ACTION ALLEGATIONS

22. At all times relevant, Plaintiff and other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them overtime pay for hours worked in excess of forty (40) hours each week.

23. Upon information and belief, there are many current and former employees who are similarly situated to the Plaintiff, who have been underpaid in violation of the FLSA. The named Plaintiff is representative of those other workers and is acting on behalf of the Defendants' current and former employees' interests as well as his own interest in in bringing this action.

24. Plaintiff seeks to proceed as a collective action with regard to the First Claim and Second Claim for Relief, pursuant to 29 U.S.C. §216(b) on behalf of himself and the following similarly situated employees:

4

> All persons who are currently, or have been employed by the Defendants, at any time during the three (3) years prior to the filing of their respective consent forms, who worked as manual laborers.

25. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. §216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. These similarly situated employees should be notified of and allowed to opt-into this action pursuant to 29 U.S.C. §216(b). Unless the Court promptly issues such a notice, persons similarly situated to the Plaintiff, who have been unlawfully deprived of overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled and which has been unlawfully withheld from them by the Defendants.

### FIRST CLAIM FOR RELIEF
### (FAIR LABOR STANDARDS ACT)

26. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

27. Defendants employed Plaintiff and persons similarly situated to Plaintiff for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiff for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular hourly rate, in violation of the FLSA.

28. Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional.

29. Because defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §255.

30. As a result of defendants' unlawful acts, Plaintiff and persons similarly situated to Plaintiff are entitled to recover overtime compensation and other wages in amounts to be determined at trial, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## SECOND CLAIM FOR RELIEF
## (NEW YORK LABOR LAW: UNPAID OVERTIME WAGES)

31. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

32. Defendants employed Plaintiff and Class Members for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiff for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular hourly rate, in violation of New York Labor Law.

33. By defendants' failure to pay Plaintiff and Class Members overtime wages for hours worked in excess of 40 hours per week, Defendants willfully violated the New York Labor Law Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. Part 142.

34. Due to defendants' violations of the New York Labor Law, Plaintiff and Class Members are entitled to recover from defendants unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## THIRD CLAIM FOR RELIEF
## FOR VIOLATION OF NEW YORK LABOR LAW SECTION 195

35. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

36. Defendants failed to provide Plaintiff and Class Members with a written notice upon hire regarding their rate of pay; the basis of their rate of pay; the employee's regular pay day;

6

the name, address and telephone number of the employer; and other information required by Section 195 of the Labor Law.

37. Due to defendant's failure to provide Plaintiff and Class Members with the notice required by Section 195 of the Labor Law, Plaintiff and Class Members are entitled to damages.

## FOURTH CLAIM FOR RELIEF
## FOR VIOLATION OF NEW YORK LABOR LAW SECTION 195

38. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

39. Defendants failed to provide Plaintiff and Class Members with a statement of their wages.

40. Due to defendant's failure to provide Plaintiff and Class Members with the wage statement required by Section 195 of the Labor Law, Plaintiff and Class Members are entitled to damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief:

(i) Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. §201 et seq. and the supporting United States Department of Labor regulations;

(ii) Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under New York Labor Law, Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations;

7

(iii) Unpaid wages pursuant to New York Labor Law, Article 19, §§650 et seq., and the supporting New York State Department of Labor Regulations, plus liquidated damages and pre- and post-Judgment interest;

(iv) Damages pursuant to New York State Labor Law §195;

(v) All attorneys' fees and costs incurred in prosecuting these claims; and

(vi) Such other relief as this Court deems just and proper.

Dated: Hauppauge, New York
       June 22, 2018

LAW OFFICE OF PETER A. ROMERO PLLC

By: _____
Peter A. Romero, Esq.
825 Veterans Highway Suite B
Hauppauge, New York 11788
(631) 257-5588
Promero@RomeroLawNY.com

*Attorney for Plaintiff*

**CONSENTIMIENTO PARA DEMANDAR**

Con mi firma a continuación, autorizo la presentación y enjuiciamiento de reclamos en mi nombre y en mi nombre contra Refinement, LTD., para recuperar salarios mínimos y / o horas extras no pagados adeudados por semanas en las que trabajé más de cuarenta (40) horas conforme a la Ley Federal de Normas Laborales Justas de 1938, según enmendada 29 USC §201 et seq. Por la presente autorizo a la Oficina Legal de Peter A. Romero para que me represente en este caso.

_____          _06-07-2018_
Victor Rivera                                                        Fecha