UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

VICTOR RIVERA on behalf of himself and all other persons similarly situated,

                Plaintiff,

– against –

REFINEMENTS, LTD and ANTHONY B. RECTOR,

                Defendants.

Case No.: 18-cv-03625 (ADS) (GRB)

---

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Settlement Agreement") is made and entered into by and between Plaintiff VICTOR RIVERA ("Plaintiff") and Defendants REFINEMENTS, LTD and ANTHONY B. RECTOR ("Defendants") (Plaintiffs and Defendants are jointly referred to in this Settlement Agreement as the "Settling Parties"), as of June __, 2019.

### RECITALS

A. WHEREAS, on or about June 22, 2018, Plaintiff filed an action (the "Action") against Defendants alleging, *inter alia*, that Defendants failed to compensate Plaintiff for overtime hours he worked during his employment and violations of §193 and §195 of the New York Labor Law. Plaintiff withdrew his Motion to Conditionally Certify a FLSA Collective Action *via* letter on April 3, 2019. The Court subsequently granted Plaintiff's application on April 4, 2019. The Action is currently pending in the United Stated District Court, Eastern District of New York, Case No.: 18-cv-03625 (ADS) (GRB);

B. WHEREAS, no court has considered or determined the merits of Plaintiff's claims;

C. WHEREAS, Defendants admit no wrongdoing, nor liability with respect to Plaintiff's allegations;

D. NOW, THEREFORE, in consideration of the foregoing, and in consideration of the covenants, warranties and promises set forth below, receipt of which is hereby acknowledged, the Settling Parties agree as follows:

## AGREEMENTS

1. <u>Consideration</u>. The Settling Parties are entering into this Settlement Agreement in exchange for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Plaintiffs agree that they will not seek any further consideration from or assert any additional or further claims against Defendants, including any monetary payment, beyond that which is set forth in Paragraph 2 of this Settlement Agreement, for the claims alleged in the Action.

2. <u>Settlement Compensation</u>. Defendants agree to pay Plaintiff the total sum of THIRTY THOUSAND DOLLARS and ZERO CENTS ($30,000.00) (the "Settlement Payment"), inclusive of attorneys' fees, in full settlement of Plaintiff's claims against Defendants pursuant to the following breakdown: TEN THOUSAND FIVE HUNDRED NINETY-FIVE DOLLARS and ZERO CENTS ($10,595.00) payable to the Law Office of Peter A. Romero PLLC and NINETEEN THOUSAND FOUR HUNDRED FIVE DOLLARS and ZERO CENTS ($19,405.00) payable to Plaintiff. Defendants shall issue IRS 1099 Forms to Plaintiff's counsel for the payment to Plaintiff and an IRS 1099 Form to the Law Office of Peter A. Romero PLLC in conjunction with the payment for attorneys' fees.

   The Settlement Payment is to be completed according to the following schedule:

   SEVEN THOUSAND FIVE HUNDRED DOLLARS and ZERO CENTS ($7,500.00) (the "initial payment") to be paid within fourteen (14) days of approval by the Court of this Settlement Agreement, to be made according to the following breakdown: FOUR THOUSAND EIGHT HUNDRED FIFTY-ONE DOLLARS and TWENTY-FIVE CENTS ($4,851.25) to Plaintiff and TWO THOUSAND SIX HUNDRED FORTY-EIGHT DOLLARS and SEVENTY-FIVE CENTS ($2,648.75) to the Law Office of Peter A. Romero PLLC.

   The remainder of TWENTY-TWO THOUSAND FIVE HUNDRED DOLLARS and ZERO CENTS ($22,500.00) to be paid in three (3) installments. The first installment to be paid within one hundred twenty (120) days of the initial payment of this Settlement Agreement and the remaining installments to be paid within one hundred twenty (120) days of each previous payment. The payments will be made pursuant to the identical breakdown of the initial payment.

   All checks shall be delivered to the Law Office of Peter A. Romero PLLC, 825 Veterans Highway, Hauppauge, New York 11788.

3. <u>Confession of Judgment</u>. Defendants, in both their individual and corporate capacity, shall duly execute and acknowledge, in the county where they reside and/or own a residence, Confessions of Judgment, attached hereto as **Exhibit "B"**, in favor of Plaintiffs and his attorney (the "Confessions"). The Confession shall serve to make Defendants liable for unpaid portions of the Settlement Payment. In the event of a default, Defendants shall receive a credit for fifty (50) percent of any and all settlement payments made before the default in accordance with the payment schedule described above in Paragraph 2. The parties acknowledge that this is a reasonable liquidated damage for such a default. Plaintiff's counsel shall hold the Confession in escrow pending full payment by Defendants of the Settlement Payment, or as otherwise provided for in this Settlement Agreement. Upon the payment in full of the Settlement Payment described in Paragraph 2 above, Plaintiff's counsel shall stamp the Confessions "VOID" and mail them, along with any and all copies of the Confessions, to Christopher K. Collotta, Esq., Zabell &Collotta, P.C., 1 Corporate Drive, Suite 103, Bohemia, New York 11716, *via* USPS certified mail delivery. In the event of a default of the payment of settlement installments as provided by Paragraph 2 above, the defaulting party shall be liable to Plaintiff for reasonable attorneys' fees incurred in the enforcement of the Confessions and/or this Settlement Agreement.

4. <u>Default and Right to Cure</u>. If, in the event that one or more of the checks given to Plaintiff's counsel, as per Paragraph 2 above, is not submitted within the payment schedule detailed in Paragraph 2, then Plaintiff's counsel shall advise Defendants' counsel in writing by email to ccollotta@laborlawsny.com, and by overnight mail to: Zabell &Collotta, P.C., 1 Corporate Drive, Suite 103, Bohemia, New York 11716. Defendants shall have ten (10) days from the date of receipt of said notice to cure said default. If said default is not cured, Plaintiff may enter Confessions of Judgment by Defendants, which shall be executed by said individuals and delivered to Plaintiff's counsel, to be held in escrow, five (5) business days after Judicial Approval of this Settlement Agreement.

5. <u>Tax Documentation</u>. Plaintiff's counsel shall provide a copy of all necessary information needed for tax purposes.

6. <u>Release</u>. For, and in consideration of, the payments provided for in Paragraph 2 above, subject to the terms and provisions of this Settlement Agreement, and subject to the payment to Plaintiff and Plaintiff's counsel of all amounts set forth in Paragraph 2 above, Plaintiff fully, finally, irrevocably, and forever releases and discharges Defendants from any Federal and New York State wage and hour claims, which Plaintiff has asserted in this action. This includes, a release of any and all wage claims or rights Plaintiff has under federal, state, or local law or regulation or common law.

7. <u>Voluntary Dismissal with Prejudice</u>. Within five (5) business days after receipt of the Settlement Payment delineated in Paragraph 2 of this Settlement Agreement, Plaintiff will file a Stipulation of Dismissal with Prejudice in the Action, attached hereto as **Exhibit "A"**.

8. <u>Jurisdiction</u>. The Settling Parties consent that the Federal District Court where the Action was originally filed will retain jurisdiction over any question or dispute arising out of or pursuant to this Settlement Agreement.

9. <u>Headings</u>. The Settling Parties understand and agree that the headings in this Settlement Agreement are for their convenience only and have no legal significance.

10. <u>Attorneys' Fees</u>. The Settling Parties agree that, in any court action permitted by this Settlement Agreement, including enforcement proceedings and entry of the Confession, the prevailing party shall be entitled to an award of reasonable attorneys' fees and costs.

11. <u>Entire Agreement</u>. This Settlement Agreement contains all the understandings and representation between the Settling Parties relating to the subject matter herein, and supersedes all prior and contemporaneous understandings, discussions, agreements, representations, and warranties, both written and oral, with respect to such subject matter. The Settling Parties mutually agree that this Settlement Agreement can be specifically enforced in court and can be cited as evidence in legal proceedings alleging a breach of this Settlement Agreement.

12. <u>Counterparts</u>. The Settling Parties may execute this Settlement Agreement in counterparts, and facsimiles shall be deemed an original, and all of which taken together, shall constitute one and the same instrument.

THE SETTLING PARTIES ACKNOWLEDGE AND AGREE THAT THEY HAVE FULLY READ, UNDERSTAND, AND VOLUNTARILY ENTER INTO THIS SETTLEMENT AGREEMENT. THE SETTLING PARTIES ACKNOWLEDGE AND AGREE THAT THEY HAVE CONSLTED WITH, AND ARE ACTING ON ADVICE OF AN ATTORNEY, BY SIGNING THIS SETTLEMENT AGREEMENT.

IN WITNESS THEREOF, the Settling Parties hereto evidence their agreement by their signature below.

**PLAINTIFF**

_____
VICTOR RIVERA
Date: 07-08-19

**DEFENDANTS**

_____
ANTHONY B. RECTOR, in his individual capacity
Date: 7/18/19

REFINEMENTS, LTD

By: _____
ANTHONY B. RECTOR, Owner
Date: 7/18/19

5

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

VICTOR RIVERA on behalf of himself and all other persons similarly situated,

                    Plaintiff,

– against –

REFINEMENTS, LTD and ANTHONY B. RECTOR,

                    Defendants.

Case No.: 18-cv-03625 (ADS) (GRB)

**AFFIDAVIT OF CONFESSION OF JUDGMENT**

---

STATE OF NEW YORK  )
                            ) ss.
COUNTY OF NASSAU   )

      ANTHONY B. RECTOR, being duly sworn, deposes and says:

1. I am the individual Defendant in the above-captioned action.

2. I am the Owner of REFINEMENTS, LTD (the "Company") located at 115 Connecticut Avenue, Long Beach, New York 11561.

3. I possess the authority to legally bind the Company for all relevant matters.

4. I authorize entry of judgment against the Company in favor of Plaintiff VICTOR RIVERA and his attorneys, the Law Office of Peter A. Romero PLLC.

5. I hereby CONFESS JUDGMENT in this Court in favor of Plaintiff VICTOR RIVERA and his attorneys, the Law Office of Peter A. Romero PLLC for the sum of THIRTY THOUSAND DOLLARS and ZERO CENTS ($30,000.00) pursuant to the Settlement Agreement attached hereto as **Exhibit "A"**, together with statutory interest from the date of default for failure to pay in accordance with the attached Settlement Agreement and hereby authorize Plaintiff or his heirs, executors, administrators, or assigns to enter judgment for that sum against. I shall only receive a credit for fifty (50) percent of any and all settlement payments made before the default. The parties acknowledge that this is a reasonable liquidated damage for such a default.

6. Entry of this confession of judgment is subject to Paragraph 4 of the settlement agreement, which gives me the right to cure any default in payment to Plaintiff. Specifically, if, in the event that one or more of the checks given to Plaintiff's counsel is not submitted within the payment schedule detailed in Paragraph 2 of the settlement agreement, then Plaintiff's counsel shall advise Defendants' counsel in writing by email to ccollotta@laborlawsny.com, and by overnight mail to: Zabell & Collotta, P.C., 1 Corporate Drive, Suite 103, Bohemia, New York 11716. I shall have ten (10) days from the date of receipt of said notice to cure said default. If said default is not cured, Plaintiff may enter this confession of judgment, which I will execute and deliver to Plaintiff's counsel, to be held in escrow, five (5) business days after Judicial Approval of this Settlement Agreement.

7. This confession of judgment is for a debt justly due to Plaintiff pursuant to the Agreement dated _____, 2019, and Defendants' default in payment under said Agreement attached hereto as **Exhibit "A"**.

8. This confession of judgment is not for the purpose of securing the Plaintiff against a contingent liability.

REFINEMENTS, LTD

_____
ANTHONY B. RECTOR, Owner

Sworn to before me this
18th day of July, 2019

_____
Notary Public

THOMAS A. COSTANTAKOS
Notary Public, State of New York
No. 01CO5023891
Qualified in Nassau County
Commission Expires February 22, 20 22

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| VICTOR RIVERA on behalf of himself and all other persons similarly situated,<br><br>Plaintiff,<br><br>– against –<br><br>REFINEMENTS, LTD and ANTHONY B. RECTOR,<br><br>Defendants. | Case No.: 18-cv-03625 (ADS) (GRB)<br><br>**AFFIDAVIT OF CONFESSION OF JUDGMENT** |

STATE OF NEW YORK   )
                   ) ss.
COUNTY OF NASSAU    )

ANTHONY B. RECTOR, being duly sworn, deposes and says:

1. I am one of the defendants in the above-captioned action.

2. I currently reside at 115 Connecticut Avenue, Long Beach, New York 11561 and authorize entry of judgment against me, individually and in favor of Plaintiff VICTOR RIVERA and his attorneys, the Law Office of Peter A. Romero PLLC.

3. I hereby CONFESS JUDGMENT in this Court in favor of Plaintiff VICTOR RIVERA and his attorneys, the Law Office of Peter A. Romero PLLC, for the sum of THIRTY THOUSAND DOLLARS and ZERO CENTS ($30,000.00) pursuant to the Settlement Agreement attached hereto as **Exhibit "A"**, together with statutory interest from the date of default for failure to pay in accordance with the attached Settlement Agreement and hereby authorize the Plaintiff or his heirs, executors, administrators, or assigns to enter judgment for that sum against. I shall only receive a credit for fifty (50) percent of any and all settlement payments made before the default. The parties acknowledge that this is a reasonable liquidated damage for such a default.

4. Entry of this confession of judgment is subject to Paragraph 4 of the settlement agreement, which gives me the right to cure any default in payment to Plaintiff. Specifically, if, in the event that one or more of the checks given to Plaintiff's counsel is not submitted within the payment schedule detailed in Paragraph 2 of the settlement agreement, then Plaintiff's counsel shall advise Defendants' counsel in writing by email to ccollotta@laborlawsny.com, and by overnight mail

to: Zabell & Collotta, P.C., 1 Corporate Drive, Suite 103, Bohemia, New York 11716. I shall have ten (10) days from the date of receipt of said notice to cure said default. If said default is not cured, Plaintiff may enter this confession of judgment, which I will execute and deliver to Plaintiffs' counsel, to be held in escrow, five (5) business days after Judicial Approval of this Settlement Agreement.

5. This confession of judgment is for a debt justly due to Plaintiff pursuant to the Agreement dated _____, 2019, and Defendants' default in payment under said Agreement attached hereto as **Exhibit "A"**.

6. This confession of judgment is not for the purpose of securing the Plaintiff against a contingent liability.

ANTHONY B. RECTOR, in his individual capacity

Sworn to before me this
18th day of July, 2019

Notary Public

THOMAS A. COSTANTAKOS
Notary Public, State of New York
No. 01CO5023891
Qualified in Nassau County
Commission Expires February 22, 20 22

2